UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY CHARLES EUGENE CHAMBERS, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| vs. | ) Case No. 2:20-CV-73 PLC <br> ) |
| KILOLO KIJAKAZI,[1] <br> Acting Commissioner of Social Security, | ) <br> ) <br> ) <br> ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Kilolo Kijakazi's motion to reverse the decision of the Administrative Law Judge (ALJ) and remand the case to Defendant for further administrative proceedings pursuant to sentence four of Section 205(g) of the Social Security Act, 42 U.S.C. §405(g). [ECF No. 41] Plaintiff has not filed a response to the motion and the time to do so has passed.

On November 30, 2020, Plaintiff filed a complaint seeking review of Defendant's decision that Plaintiff was not disabled within the meaning of the Social Security Act. [ECF No. 1] Defendant filed her answer and a transcript of the administrative proceedings. [ECF Nos. 17, 18, & 19] Plaintiff filed a brief in support of the complaint, as well as a statement of uncontroverted facts. [ECF No. 36]

In the instant motion, Defendant requests the Court reverse and remand the case for further action under 42 U.S.C. §405(g), which permits the Court to "enter, upon the pleadings and

---

[1] Kilolo Kijakazi became the Acting Commission of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 205(g) of the Social Security Act, 42 U.S.C. §405(g).

1

transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. §405(g). Defendant states: "After careful review of the above-captioned case, agency counsel determined that remand is needed for further evaluation of Plaintiff's claim." [ECF No. 41] Defendant explains that, on remand, "the ALJ will use the correct analytical method for evaluating drug addiction and alcoholism and consider Plaintiff's substance abuse when determining Plaintiff's RFC; reach a materiality finding if necessary; consider the impact of Plaintiff's structured treatment setting; follow Social Security Ruling 13-2p as it pertains to co-occurring mental disorders; and take any other necessary action to complete the record and issue a new decision." [Id.]

Based on the record, the Court grants Defendant's unopposed motion to reverse the ALJ's decision and remand this matter to Defendant for further proceedings pursuant to sentence four of 42 U.S.C. §405(g).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's unopposed motion to reverse and remand [ECF No. 41] is **GRANTED**.

A separate Judgment in accordance with this Memorandum and Order is entered this same day.

                                            PATRICIA L. COHEN
                                            UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of May, 2022.